## In re GOLDSMITH.

Court of Appeals of the District of Columbia.

Submitted January 17, 1929. Decided February 4, 1929.

No. 2114.

Alexander D. Lunt, Charles E. Tullar, and Jesse Huff, all of Schenectady, N. Y., and James G. Norton and Carl M. Cohen, both of New York City, for appellant.

T. A. Hostetler and Howard S. Miller, both of Washington, D. C., for Board of Appeals.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant filed an application, in nine claims, in the Patent Office, for a patent for an invention relating to a radio receiving apparatus, which is so constructed that, by adjustment of a single controlled member, its different stages may be controlled simultaneously, and also a radio frequency amplifier, in which the inductance and distributing capacity of the interstage coupling coils is utilized to tune the different stages of the amplifier.

The Board of Patent Appeals rejected the claims on the ground that there is no invention in substituting for the transformer and variable condensers of the prior art, as shown by references to a patent to one Alexanderson, another design of transformer, disclosed in a patent to Reisz, in which a distributing capacity of the coil plays a greater part in securing resonance. It would also not involve invention to connect the secondaries of the transformers so that they may be adjusted simultaneously by a single adjusting device, as shown by references to a number of patents.

The board, in briefly disposing of the case, said: "We agree with the Examiner that it would not amount to invention to substitute, for the transformers and variable condensers of Alexanderson, another design of transformer in which the distributed capacity of the coil plays a greater part in securing resonance, as in Reisz. Nor would it involve invention to connect the secondaries of the transformers that they may be adjusted simultaneously by a single adjusting piece, in view of Fessenden, Hogan, Bradley, and the French patent."

A careful examination of the specifications and claims of the applicant, in the light of the prior art, convinces us that the decision of the board is right, and we deem it unnecessary to enter into any extended review of the case.

The decision of the Board of Patent Appeals is affirmed.